# �долent-Richmond.

## DAVID BURNER v. COMMONWEALTH.

### November 13, 1924.

1. INTOXICATING LIQUORS—*Storing Liquors—"Keep"—Storing Liquors not for Sale.*—Storing ardent spirits for sale is a violation of section 3 of the prohibition act, and the word "keep" as used in that section means keep for sale.

2. INTOXICATING LIQUORS—*Storing nor for Sale—Bill of Particulars—Harmless Error—Case at Bar.*—The instant case was a prosecution of an indictment in the omnibus form and upon request for a bill of particulars the Commonwealth's attorney stated that he would prosecute the defendant on three charges, the second charge being for unlawfully having ardent spirits in his possession at a place other than his home.

   *Held:* That since accused could not be convicted under the indictment of having ardent spirits in his possession, not for sale, the court should have required the attorney for the Commonwealth to properly amend or strike out this second charge in the bill of particulars, but its failure to do so was not reversible error.

3. INTOXICATING LIQUORS—*Storing Liquors for Sale—Instruction.*—In a prosecution for violating the prohibition law the indictment was in the omnibus form and upon request for a bill of particulars the attorney for the Commonwealth stated he would prosecute the defendant on three charges, one of which was unlawfully having ardent spirits in his possession at a place other than his home. The court refused an offered instruction that the "accused cannot be convicted of having ardent spirits in his possession under this indictment."

   *Held:* No error, as the instruction offered did not correctly state the law. The words, "unless such possession was for the purpose of sale," should have been added thereto.

4. INTOXICATING LIQUORS—*Possession of Liquor not for Sale—Evidence to Support Charge of Transportation.*—In the instant case, a prosecution for violating the prohibition act, the indictment was in the omnibus form and while the accused could not be convicted, under the indictment, of having ardent spirits in his possession not for sale, in a place other than his home, it was permissible for the Commonwealth to show his illegal possession of ardent spirits in its effort to prove him guilty of unlawfully transporting ardent spirits.

5. CRIMINAL LAW—*Reasonable Doubt—Offered Instruction Covered by other Instruction.*—In the instant case defendant complained of the action of the court in refusing to give two instructions offered by him on the subject of reasonable doubt.  The instructions stated the law with reasonable accuracy, and might have been properly given.  But the refusal to give them did not prejudice the accused, since the jury were sufficiently instructed on that subject.

6. INTOXICATING LIQUORS—*Unlawful Transportation—Evidence to Support Conviction.*—In the instant case it appeared from the evidence that defendant was driving his buggy to a stable occupied by him.  By his side in the buggy was a coat from one of the pockets of which the end of a bottle protruded.  Later he was found, intoxicated, lying on the floor of the stable, with a mason two-quart glass jar, containing about one pint of whisky, fifteen inches from his feet.  In the pocket of a coat hanging on the wall of the stable, six or seven feet from him, was a full quart bottle of whisky.  The accused's daughter stated in his presence that the coat was his.  The reputation of the accused as a violator of the prohibition law was bad.

*Held:* That the evidence was ample to support a charge of unlawfully transporting and under an indictment in the omnibus form where the Commonwealth's attorney stated that he would prosecute the defendant for transporting ardent liquors, unlawfully having ardent spirits in his possession at a place other than his home, and storing liquor for sale, it might reasonably be inferred that the verdict of guilty was based on the charge of unlawfully transporting.

Error to a judgment of the Circuit Court of Page county.

*Affirmed.*

The opinion states the case.

*Harry V. Strayer*, for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile, Assistant Attorney-General*, and *Lewis H. Machen, Assistant Attorney-General*, for the Commonwealth.

WEST, J., delivered the opinion of the court.

David Burner complains of a judgment convicting him of a violation of the prohibition law (Acts 1918,

chapter 388), and sentencing him to jail for six months and to pay a fine of $100.00.

The indictment was in the blanket form permitted by section 7 of the prohibition act.

Upon request for a bill of particulars, the attorney for the Commonwealth stated that he would prosecute the defendant on three charges: (1) Transporting ardent spirits, (2) unlawfully having ardent spirits in his possession at a place other than his home, and (3) storing liquor for sale.

As appears from the evidence: In the fall of 1923 the defendant was driving his buggy along an alley in the town of Luray to a stable rented and occupied by him. By his side in the buggy was a coat from one of the pockets of which the end of a bottle protruded. Later he was found, intoxicated, lying on the floor of the stable, with a Mason two-quart glass jar, containing about one pint of whisky, fifteen inches from his feet. In the pocket of a coat hanging on the wall of the stable, six or seven feet from him, was a full quart bottle of whisky. The officer got him up and helped him put the coat on and his daughter took him home. The accused's daughter stated in his presence that the coat was his. The reputation of the accused as a violator of the prohibition law was bad. The accused denied that the coat was his, that he had transported any ardent spirits, and that the liquor in the jar or in the bottle was owned or possessed by him.

The jury found the defendant "guilty as charged in the indictment."

[1-3] The accused challenges the action of the court in refusing to sustain his contention that he could not be tried on the charge of having ardent spirits in his possession at a place other than his home, and in refusing to instruct the jury that the "accused cannot be con-

victed of having ardent spirits in his possession under this indictment."

Storing ardent spirits for sale is a violation of section 3 of the prohibition act, and the word "keep" as used in that section means "keep" for sale. *Pine* v. *Commonwealth*, 121 Va. 812, 93 S. E. 652.

The court should have required the attorney for the Commonwealth to properly amend or strike out the second charge in the bill of particulars, but its failure to do so was not reversible error. The instruction, as offered, did not correctly state the law. The words, "unless such possession was for the purpose of sale," should have been added thereto.

[4] While the accused should not be convicted, under the indictment, of having ardent spirits in his possession not for sale, in a place other than his home, it was permissible for the Commonwealth to show his illegal possession of ardent spirits in its effort to prove him guilty of unlawfully transporting ardent spirits.

[5] The defendant complains of the action of the court in refusing to give two instructions, offered by him, on the subject of reasonable doubt.

The instructions stated the law with reasonable accuracy and might have been properly given. But, the refusal to give them did not prejudice the accused since the jury were sufficiently instructed on that subject by the court, as follows:

"The court instructs the jury that in this case, as in all other criminal cases, the accused's denial of guilt raises a presumption of innocence in his favor and puts upon the Commonwealth the burden of proving his guilt beyond a reasonable doubt. If therefore, upon consideration of the whole case, the testimony of the witnesses and the circumstances proven in evidence, there exists in the minds of the jury a reasonable doubt

as to the guilt of the accused, they should find him not guilty."

[6] The evidence is ample to support the charge of unlawfully transporting ardent spirits, and it may be reasonably inferred that this was the charge upon which the verdict of guilty was based.

We find nothing in the record to warrant a reversal of the judgment.

*Affirmed.*